UNITED STATES BANKRUPTCY COURT U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK        EASTERN DISTRICT OF
                                              NEW ...
-------------------------------------------------------------x
In re: Law Office of Edward J. Lake, PC,    2025 DEC -3 P 2: 50
d/b/a The Lake Law Firm,

Debtor.                          **RECEIVED** Case No. _____

Chapter 11 (Subchapter V)
-------------------------------------------------------------x

### DEBTOR'S MOTION FOR INTERIM RELIEF
### AUTHORIZING PAYMENT OF INSIDER COMPENSATION
### IN THE ORDINARY COURSE OF BUSINESS

COMES NOW, Law Offices of Edward J. Lake P.C. d/b/a The Lake Law Firm (the "Debtor"), by and through the undersigned counsel, hereby moves for entry of interim orders under 11 U.S.C. §§ 105, 363, 503, and 1184 and E.D.N.Y Local Rule 4001-5 and respectfully states:

### I.        JURISDICTION AND VENUE

1.        This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

2.        The statutory predicates for the relief requested herein include Bankruptcy Code §§ 105(a), 363, 503 and 1184. To the extent any part of this Motion is determined to be non-core, the Debtor consents to entry of a final order by this Court.

### II.        BACKGROUND

3.        The Debtors files a voluntary petition for relief under Chapter 11, Subchapter V of Title 11 of the United States Code.

4.        The Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to §§ 1184, 1107(a) and 1108 of the Bankruptcy Code.

5.      No trustee, examiner, or committee has been appointed in this case.

6.      The Debtor's business consists of a legal practice consisting of mass tort and employee tax credit cases, and relies on a workforce of approximately 5 employees.

7.      The Debtor acknowledges that certain creditors, including Blakemore/Burford and the Titan entities assert a security interest in the Cash Collateral, but the amount owed is disputed, unliquidated, and contingent.

8.      The Debtor currently has approximately $700,000 in creditor-advanced funds in its accounts (the "Cash Collateral").

9.      There is currently a receiver in place appointed in a state court dispute who has access to the financial accounts and can disburse payroll with this Court's permission.

10.     The Debtor maintains a receivable pool valued between $45 million and $55 million plus (the "Receivables").[1]

III.    CASH COLLATERAL TO PAY SALARY OF MANAGING ATTORNEY

11.     The Debtor respectfully moves for entry of an Order approving the compensation of Edward J. Lake, Esq., Managing Attorney of The Lake Law Firm.

12.     The proposed compensation is a base salary of $15,000 per pay period, which was previously agreed upon by Titan and Blakemore, the largest creditors of Debtor.

13.     Mr. Lake has been receiving $15,000 per month[2] as part of financing agreement with creditors Titan and Blakemore, who routinely approved and funded the agreed salary, but payments ceased upon disagreement over operational control wherein Mr. Lake threatened to file suit.

---

[1] *See* Exhibit 1, Contingent Receivables
[2] *See* Exhibit 2, payroll stubs of Edward J. Lake.

14.     A salary to Mr. Lake is not only reasonable, but also necessary, as he is required to make monthly payments to the Internal Revenue Service approximately $11,000 as part of a monthly repayment plan.

15.     Mr. Lake is the originator, supervisor, and strategic driver behind the firm's $45-55 million receivables pipeline.

16.     The firm cannot operate or maintain client obligations without his continued leadership.

## V. THE REQUESTED COMPENSATION IS REASONABLE

17.     The proposed compensation is consistent with Mr. Lake's pre-petition salary history; market compensation for managing partners and directors of comparable law firms/professional organizations in the New York area; customary compensation for similarly situated principals in small businesses; and the value of the services rendered.

18.     No bonus, severance, incentive, retention, or non-ordinary payments are requested at this time.

19.     The proposed compensation is significantly lower than historical earnings and reflects industry norms for originating partners.

20.     A lack of compensation would materially and immediately harm the estate by preventing new cases, halting ongoing cases, and damaging client relationships.

21.     The proposed use of Cash Collateral will preserve and potentially enhance the value of the Debtor's assets, thereby benefiting all parties in interest.

22.     The request is limited to ongoing ordinary-course salary necessary for the owner's continued performance of essential services.

## IV.     CASH COLLATERAL TO PAY CRITICAL CREDIT OBLIGATIONS

23.     The Debtor moves for authority to pay certain critical credit obligations necessary to maintain business operations, including American Express in the amount of $8772.00 per month.

24.     This account has funded critical payroll obligations, filing fees, client outreach, medical records, digital platforms, and operational necessities. The loss of this account would immediately impair daily operations.

25.     Payment of this account is necessary to preserve estate value and prevent disruption.

26.     The Debtor requests authority to maintain these accounts in the ordinary course of business.

## VI.     COMPLIANCE WITH 11 U.S.C. §503(c)

27.     Section 503(c)(1) does not apply because the Debtor is not seeking retention, bonus, or severance compensation at this time.

28.     Section 503(c)(2) is satisfied because the Debtor proposes to pay only regular salary for services actually rendered.

29.     Section 503(c)(3) is satisfied because the compensation is justified by the facts and circumstances of the case; necessary to maintain operations; narrowly tailored to what is reasonably required; in line with industry standards; and in the best interests of creditors.

## VII.     PAYMENT OF INSIDER COMPENSATION IS A SOUND EXERCISE OF BUSINESS JUDGMENT

30.     Payment of the owner's ordinary-course salary constitutes a transaction outside the ordinary course of business requiring Court approval under §363(b).

31.     Courts in the Second Circuit, including the Eastern District of New York, apply the business judgment rule when evaluating such requests.

32.     Continued payment of the owner's salary is a sound exercise of business judgment because it preserves the Debtor's ability to operate; it prevents disruption to clients; it facilitates compliance with Subchapter V duties; it maximizes going-concern value; and it enhances the feasibility of a Subchapter V plan.

## VIII. SUBCHAPTER V POLICY SUPPORTS THE RELIEF REQUESTED

33.     Subchapter V is intended to facilitate the reorganization of small businesses by allowing them to continue operating and retain management.

34.     Section 1184 expressly authorizes the debtor to remain in possession and continue managing the business.

35.     The owner's salary is essential for the Debtor to fulfill its statutory obligations, including filing a plan within 90 days under §1189(b).

36.     The payment of critical credit cards that are used for firm operations will permit the firm to continue operations.

37.     The Subchapter V Trustee will benefit from having a functioning management structure capable of providing timely financial disclosures.

## IX.     REQUESTED RELIEF

WHEREFORE, the Debtor respectfully requests that the Court enter an order:

a.     Authorizing the Debtor to pay Edward J. Lake ordinary-course salary in the amount of $15,000 per bi-weekly pay period.

b.     Authorizing the Debtor to continue all standard withholdings, taxes, and benefits;

c.     Authorizing the Debtor to pay critical credit card payments of $18,772.00 for the month of December.

d.     Finding that the compensation complies with 11 U.S.C. §503(c);

e.    Authorizing the Debtor to adjust compensation in the future only upon notice to the Subchapter V Trustee and the U.S. Trustee; and

f.    Granting such further relief as the Court deems just and proper.


Dated: December 3 2025

Respectfully submitted,

Law Offices of Edward J. Lake, PC
d/b/a The Lake Law firm
Debtor

By: _____
Edward J. Lake, Esq NY
NY Bar No.: 2522555
Authorized Representative of the Debtor
and Attorney for the Debtor

270 West Main Street, Suite 3
Sayville, NY 11782
Phone: 888-525-3529
Fax: 917-893-4392
Email: edlakelaw@yahoo.com

# Exhibit

# 1

Confidential

Contingent Receivables

12/2/2025

| CaseType | No of Cases | Avg Settlement Value (Formula) | Gross Attorney (Formula) | Average Retainer Fee % | Average EL Fee Split (%) | Expected to LLF (Formula) | Sum of All Cocounsel (excl Titan) |
|---|---|---|---|---|---|---|---|
| 3M Earplugs | 388 | $ 17,000.00 | $ 2,603,148.80 | 39.47 | 10.27 | $ 267,244.09 | $ 34,343.76 |
| Astroworld | 1 | $ 5,000.00 | $ 1,666.50 | 33.33 | 16.67 | $ 277.81 | $ 277.81 |
| B2B - ERTC | 3369 | $ 12,500.00 | $ 5,750,000.00 | 23.69 | 4.70 | $ 468,893.21 | $ 3,696,425.19 |
| Baby Food | 249 | $ 100,000.00 | $ 9,853,250.00 | 39.57 | 39.20 | $ 3,862,553.14 | $ - |
| Baby Formula NEC | 22 | $ 100,000.00 | $ 866,660.00 | 39.39 | 1.00 | $ 8,666.60 | $ - |
| Bard Power Port | 3 | $ 50,000.00 | $ 56,665.00 | 37.78 | 34.33 | $ 19,454.98 | $ 7,499.25 |
| BSA | 359 | $ 47,500.00 | $ 6,798,822.25 | 39.87 | 4.69 | $ 318,730.30 | $ 551,909.25 |
| CA Oil Spill | 1 | $ 1,000.00 | $ 400.00 | 40.00 | 20.00 | $ 80.00 | $ 80.00 |
| Camp Lejeune | 148 | $ 225,000.00 | $ 6,716,250.00 | 20.17 | 32.36 | $ 2,173,342.20 | $ 3,542,270.00 |
| Cartiva Toe Implant | 8 | $ 100,000.00 | $ 320,000.00 | 40.00 | 49.00 | $ 156,800.00 | $ - |
| Clergy Abuse | 43 | $ 550,000.00 | $ 9,349,945.00 | 39.53 | 25.77 | $ 2,409,241.64 | $ 1,201,200.00 |
| Cool Sculpting | 14 | $ 75,000.00 | $ 414,997.50 | 39.52 | 22.75 | $ 94,411.93 | $ 98,561.91 |
| CPAP | 24 | $ 68,000.00 | $ 648,264.40 | 39.72 | 22.50 | $ 145,859.49 | $ 238,000.00 |
| Fire Foam | 214 | $ 199,700.00 | $ 16,974,440.09 | 39.72 | 15.41 | $ 2,615,967.45 | $ 466,165.25 |
| Hair Relaxer | 3 | $ 100,000.00 | $ 120,000.00 | 40.00 | 49.00 | $ 58,800.00 | $ - |
| Hernia Mesh | 419 | $ 115,000.00 | $ 19,028,544.00 | 39.49 | 10.56 | $ 2,009,450.58 | $ 1,522,179.86 |
| Hurricane Damage | 4 | $ 20,000.00 | $ 32,000.00 | 40.00 | 40.00 | $ 12,800.00 | $ - |
| Lead Poisoning | 90 | $ 150,000.00 | $ 5,400,000.00 | 40.00 | 39.00 | $ 2,106,000.00 | $ - |
| Motor Vehicle Accident | 36 | $ 8,000.00 | $ 111,464.80 | 38.70 | 37.52 | $ 41,822.52 | $ 2,472.00 |
| Paraquat | 81 | $ 90,000.00 | $ 2,909,997.00 | 39.92 | 11.47 | $ 333,751.51 | $ - |
| Round Up | 90 | $ 35,000.00 | $ 1,231,986.00 | 39.11 | 26.82 | $ 330,358.41 | $ 108,128.19 |
| Sex Abuse | 44 | $ 690,000.00 | $ 12,144,000.00 | 40.00 | 39.23 | $ 4,763,760.00 | $ - |
| Social Media Teen Harm | 30 | $ 150,000.00 | $ 1,800,000.00 | 40.00 | 39.00 | $ 702,000.00 | $ - |
| Talcum Powder | 120 | $ 215,000.00 | $ 10,233,957.00 | 39.67 | 9.72 | $ 994,484.77 | $ 206,400.00 |
| TX Power Outage | 379 | $ 50,000.00 | $ 7,580,000.00 | 40.00 | 2.00 | $ 151,600.00 | $ 3,107,800.00 |
| Victims of State Sponsored Terrorism Act / Fund | 169 | Unknown | Unknown | 25.00 | 49.00 | Unknown | |
| Wildfires | 4 | $ 100,000.00 | $ 160,000.00 | 40.00 | 49.00 | $ 78,400.00 | $ - |
| Zantac | 31 | $ 25,000.00 | $ 306,665.00 | 39.57 | 21.55 | $ 66,081.36 | $ 700.00 |
| Total | 6343 | $ 122,174.07 | $ 121,413,123.34 | 37.62 | 25.80 | $ 24,190,831.99 | $ 14,784,412.46 |

Confidential

12/2/2025

# Exhibit

# 2

LAW OFFICES OF EDWARD J LAKE PC
270 W Main Street Suite 3
Sayville NY 11782

7019-7176
EE ID: 7          DD

EDWARD J LAKE
7701 GLENDEVON LN APT 1903
DELRAY BEACH FL 33446

**PERSONAL AND CHECK INFORMATION**
Edward J Lake
7701 GlendevonLn Apt 1903
Delray Beach, FL 33446
**Employee ID:** 7

**Pay Period:** 08/09/25 to 08/22/25
**Check Date:** 08/29/25    **Check #:** 10103

**NET PAY ALLOCATIONS**

| DESCRIPTION | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| Check Amount | 0.00 | 0.00 |
| Chkg 701 | 27705.00 | 110820.00 |
| **NET PAY** | **27705.00** | **110820.00** |

| EARNINGS | BASIS OF PAY | DESCRIPTION | HRS/UNITS | RATE | CURRENT ($) | YTD HRS/UNITS | YTD ($) |
|---|---|---|---|---|---|---|---|
| | | Salary | | | 30000.00 | | 120000.00 |
| | | **Total Hours** | | | | | |
| | | **Total Hrs Worked** | | | | | |
| | | **Gross Earnings** | | | 30000.00 | | 120000.00 |

| WITHHOLDINGS | DESCRIPTION | FILING STATUS | CURRENT ($) | YTD ($) |
|---|---|---|---|---|
| | Social Security | | 1860.00 | 7440.00 |
| | Medicare | | 435.00 | 1740.00 |
| | **TOTAL** | | 2295.00 | 9180.00 |

| NET PAY | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| | **27705.00** | **110820.00** |

LAW OFFICES OF EDWARD J LAKE PC
270 W Main Street Suite 3
Sayville NY 11782

7019-7176
EE ID: 7          DD

EDWARD J LAKE
7701 GLENDEVON LN APT 1903
DELRAY BEACH FL 33446

PERSONAL AND CHECK INFORMATION
Edward J Lake
7701 Glendevon Ln Apt 1903
Delray Beach, FL 33446
**Employee ID: 7**

**Pay Period:** 09/06/25 to 09/19/25
**Check Date:** 09/26/25    **Check #:** 10114

NET PAY ALLOCATIONS

| DESCRIPTION | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| Check Amount | 0.00 | 0.00 |
| Chkg 701 | 27705.00 | 138525.00 |
| **NET PAY** | **27705.00** | **138525.00** |

| EARNINGS | BASIS OF PAY | DESCRIPTION | HRS/UNITS | RATE | CURRENT ($) | YTD HRS/UNITS | YTD ($) |
|---|---|---|---|---|---|---|---|
| | | Salary | | | 30000.00 | | 150000.00 |
| | | **Total Hours** | | | | | |
| | | **Total Hrs Worked** | | | | | |
| | | **Gross Earnings** | | | 30000.00 | | 150000.00 |

| WITHHOLDINGS | DESCRIPTION | FILING STATUS | CURRENT ($) | YTD ($) |
|---|---|---|---|---|
| | Social Security | | 1860.00 | 9300.00 |
| | Medicare | | 435.00 | 2175.00 |
| | **TOTAL** | | 2295.00 | 11475.00 |

| NET PAY | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| | **27705.00** | **138525.00** |

Payrolls by Paychex, Inc.

LAW OFFICES OF EDWARD J LAKE PC
270 W Main Street Suite 3
Sayville NY  11782

7019-7176
EE ID: 7        DD

EDWARD J LAKE
7701 GLENDEVON LN APT 1903
DELRAY BEACH FL  33446

| PERSONAL AND CHECK INFORMATION | EARNINGS | BASIS OF PAY | DESCRIPTION | HRS/UNITS | RATE | CURRENT ($) | YTD HRS/UNITS | YTD ($) |
|---|---|---|---|---|---|---|---|---|
| Edward J Lake | | | Salary | | | 30000.00 | | 180000.00 |
| 7701 Glendevon Ln Apt 1903 | | | **Total Hours** | | | | | |
| Delray Beach, FL  33446 | | | **Total Hrs Worked** | | | | | |
| **Employee ID:** 7 | | | **Gross Earnings** | | | 30000.00 | | 180000.00 |

| | WITHHOLDINGS | DESCRIPTION | FILING STATUS | CURRENT ($) | YTD ($) |
|---|---|---|---|---|---|
| **Pay Period:** 10/04/25 to 10/17/25 | | Social Security | | 1618.20 | 10918.20 |
| **Check Date:** 10/24/25    **Check #:** 10125 | | Medicare | | 435.00 | 2610.00 |
| NET PAY ALLOCATIONS | | **TOTAL** | | 2053.20 | 13528.20 |

| DESCRIPTION | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| Check Amount | 0.00 | 0.00 |
| Chkg 701 | 27946.80 | 166471.80 |
| **NET PAY** | **27946.80** | **166471.80** |

| NET PAY | THIS PERIOD ($) 27946.80 | YTD ($) 166471.80 |
|---|---|---|

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re: Law Office of Edward J. Lake, PC,
d/b/a The Lake Law Firm,

Debtor.                                                    Case No. _____

Chapter 11 (Subchapter V)
-------------------------------------------------------------x

### PROPOSED ORDER AUTHORIZING PAYMENT OF INSIDER COMPENSATION

Upon the motion (the "Motion") of Law Office of Edward J. Lake, PC, d/b/a The Lake Law Firm (the "Debtor"), as debtor-in-possession in this Subchapter V Chapter 11 case, seeking entry of an interim order authorizing the Debtor to pay ordinary-course compensation to its principal, Edward J. Lake (the "Insider"), pursuant to 11 U.S.C. §§ 105(a), 363(b), 503(c), and 1184, and Rule 4001-5 of the Local Bankruptcy Rules for the Eastern District of New York; and due and proper notice of the Motion having been provided; and a hearing having been held on _____; and the Court having considered the Motion, all papers filed in support thereof, and the representations of counsel; and the Office of the United States Trustee and the Subchapter V Trustee having been heard or given notice; and the Court having found that (i) the relief requested is justified by the facts and circumstances of this case; (ii) the requested compensation is reasonable, necessary, and consistent with the Debtor's prepetition practices; (iii) the compensation constitutes ordinary-course salary for services actually rendered and does not involve any bonus, retention, severance, or incentive pay prohibited under 11 U.S.C. §503(c); and (iv) good cause exists to grant the relief requested;

IT IS HEREBY:

### FOUND AND DETERMINED THAT:

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§1334 and 157.

2. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

3. Venue is proper in this District under 28 U.S.C. §§1408 and 1409.

4. Payment of ordinary-course insider salary is a proper exercise of the Debtor's business judgment under §363(b).

5. The payment of critical insider card payments is reasonable and necessary in order to continue operations.

6. The Debtor has satisfied the requirements of §503(c), as the compensation is solely for actual services and is reasonable and necessary.

7. Entry of this Order is in the best interests of the Debtor, its estate, its creditors, and all parties in interest.

## ORDERED THAT:

1. The Motion is **GRANTED** to the extent set forth herein.

2. The Debtor is authorized to pay Edward J. Lake ordinary-course salary in the amount of $15,000.00 per bi-weekly pay period, subject to standard payroll withholdings and consistent with prepetition practices.

3. The compensation authorized herein is strictly limited to regular W-2 wages for services actually rendered by the Insider in the ordinary course of the Debtor's business.

4. No bonuses, severance payments, incentive payments, equity distributions, profit draws, or other non-ordinary forms of compensation are authorized by this Order.

5. Nothing in this Order authorizes any increase in insider compensation without further order of this Court.

6. The Debtor is authorized to pay critical credit card payments in the amount of $8772.00 to Edward J. Lake's American Express credit card.

7. The Debtor shall provide the Subchapter V Trustee and the United States Trustee with (a) copies of monthly operating reports, and (b) any updates to payroll or compensation schedules that materially impact insider pay.

8. The Debtor shall provide written notice to the Subchapter V Trustee and the United States Trustee before implementing any modification to the Insider's compensation.

9. This Order is without prejudice to the right of any party in interest to seek modification or termination of insider compensation at any time.

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2025
Central Islip, New York

_____
UNITED STATES BANKRUPTCY JUDGE

5:23 PM
11/04/25
Accrual Basis

**Jeff & Chloe Dubin**
**Transactions by Account**
As of November 4, 2025

**LLF**

| Type | Date | Num | Memo | Clr | Split | Debit | Credit | Balance |
|------|------|-----|------|-----|-------|-------|--------|---------|
| Bill | 01/02/2026 | | In motion | | Accounts Payable | 860.40 | | 860.40 |
| Bill | 01/02/2026 | | Adobe | | Accounts Payable | 640.00 | | 1,500.40 |
| Bill | 01/02/2026 | | Arctrieval | | Accounts Payable | 499.00 | | 1,999.40 |
| Bill | 01/02/2026 | | FedEx (budgeted) | | Accounts Payable | 300.00 | | 2,299.40 |
| Bill | 01/02/2026 | | Postage (budgeted) | | Accounts Payable | 200.00 | | 2,499.40 |
| Bill | 01/02/2026 | | Zoho | | Accounts Payable | 1,160.28 | | 3,659.68 |
| Bill | 01/02/2026 | | GoDaddy | | Accounts Payable | 300.00 | | 3,959.68 |
| Bill | 01/02/2026 | | Microsoft | | Accounts Payable | 800.00 | | 4,759.68 |
| Bill | 01/02/2026 | | Geekbox | | Accounts Payable | 351.00 | | 5,110.68 |
| Bill | 01/02/2026 | | ChatGPT | | Accounts Payable | 22.00 | | 5,132.68 |
| Bill | 01/02/2026 | | PitUNL | | Accounts Payable | 10.00 | | 5,142.68 |
| Bill | 01/02/2026 | | ENF Tracers | | Accounts Payable | 250.00 | | 5,392.68 |
| Bill | 01/02/2026 | | IRB Search | | Accounts Payable | 475.00 | | 5,867.68 |
| Bill | 01/02/2026 | | Skip Tracing | | Accounts Payable | 350.00 | | 6,217.68 |
| Bill | 01/02/2026 | | Transunion | | Accounts Payable | 1,000.00 | | 7,217.68 |
| Bill | 01/02/2026 | | PACER | | Accounts Payable | 280.00 | | 7,497.68 |
| Bill | 01/02/2026 | | CallEnq | | Accounts Payable | 343.34 | | 7,841.02 |
| Bill | 01/02/2026 | | IBU | | Accounts Payable | 250.00 | | 8,091.02 |
| Bill | 01/02/2026 | | Regus | | Accounts Payable | 300.00 | | 8,391.02 |
| Bill | 01/02/2026 | | Storage | | Accounts Payable | 400.00 | | 8,791.02 |
| Bill | 01/02/2026 | | WPEngine | | Accounts Payable | 300.00 | | 9,091.02 |
| Bill | 01/02/2026 | | Humblefax | | Accounts Payable | 20.00 | | 9,111.02 |
| Bill | 01/02/2026 | | Azure | | Accounts Payable | 807.50 | | 9,918.52 |
| Bill | 01/02/2026 | | Dropbox | | Accounts Payable | 150.00 | | 10,068.52 |
| Bill | 01/02/2026 | | LILG_Computer | | Accounts Payable | 500.00 | | 10,568.52 |
| Bill | 01/02/2026 | | Internet software | | Accounts Payable | 64.00 | | 10,632.52 |
| Bill | 01/02/2026 | | General Liability Insurance | | Accounts Payable | 300.00 | | 10,932.52 |
| Bill | 01/02/2026 | | Malpractice Insurance (monthly) | | Accounts Payable | 1,538.58 | | 12,471.10 |
| Bill | 01/02/2026 | | Lexis Nexis (monthly) | | Accounts Payable | 600.00 | | 13,071.10 |
| Bill | 01/02/2026 | | Zoho Voice Minutes (monthly) | | Accounts Payable | 100.00 | | 13,171.10 |
| Bill | 01/02/2026 | | Zoho Voice Telephony | | Accounts Payable | 300.00 | | 13,471.10 |
| Bill | 01/02/2026 | | Angelo IT (monthly) | | Accounts Payable | 500.00 | | 13,971.10 |

Total Persist

**TOTAL**      13,971.10    13,971.10

Projected payroll

| | 12/31/2025 1/2/2026 | 1/14/2026 1/16/2026 | 1/28/2026 1/30/2026 | 2/11/2026 2/15/2026 | 2/25/2026 2/27/2026 | 3/11/2026 3/13/2026 | 3/25/2026 3/27/2026 |
|---|---|---|---|---|---|---|---|
| Anna Kamins | $ 6,230.77 | $ 6,230.77 | $ 6,230.77 $ | 6,230.77 | $ 6,230.77 | $ 6,230.77 | $ 6,230.77 |
| Grace Montealegre | $ 5,826.92 | $ 5,826.92 | $ 5,826.92 $ | 5,826.92 | $ 5,826.92 | $ 5,826.92 | $ 5,826.92 |
| Shelby Morales | $ 4,307.69 | $ 4,307.69 | $ 4,307.69 $ | 4,307.69 | $ 4,307.69 | $ 4,307.69 | $ 4,307.69 |
| Michelle Nowlin | $ 3,846.15 | $ 3,846.15 | $ 3,846.15 $ | 3,846.15 | $ 3,846.15 | $ 3,846.15 | $ 3,846.15 |
| Dubin & Assoc | $ 5,531.25 | $ 5,531.25 | $ 5,531.25 $ | 5,531.25 | $ 5,531.25 | $ 5,531.25 | $ 5,531.25 |
| **Total Payroll** | # $ 25,742.78 | $ 25,742.78 | $ 25,742.78 $ | 25,742.78 | $ 25,742.78 | $ 25,742.78 | $ 25,742.78 |
| Payroll Costs | ## $ 2,021.15 | $ 2,021.15 | $ 2,021.15 $ | 2,021.15 | $ 2,021.15 | $ 2,021.15 | $ 2,021.15 |

*Includes Workers comp, Disability, unemployment, FICA, Medicare and processing fees*

| Total projected payroll costs | $ 27,763.93 | $ 27,763.93 | $ 27,763.93 $ | 27,763.93 | $ 27,763.93 | $ 27,763.93 | $ 27,763.93 |

| | |
|---|---|
| Total payroll Jan 2-Mar 27 2026 | $ 194,347.51 |
| Total projected expenses Jan 2026 - Mar 2026 | $ 41,913.30 |
| January Ed Salary | $ 30,000.00 |
| Februrary Ed Salary | $ 30,000.00 |
| March Ed Salary | $ 30,000.00 |
| AMEX REPAYMENT (Jan) | $ 8,772.00 |
| AMEX REPAYMENT (Feb) | $ 8,772.00 |
| AMEX REPAYMENT (Mar) | $ 8,772.00 |
| **Total Budget (Jan - Mar)** | $ 352,576.81 |

Other Important Payments
| | | |
|---|---|---|
| Chloe Payback (Dec-March) | * | $20,000.00 |
| Grace Payback (Dec - March | * | $20,000.00 |
| Bank Charges (Dec-March approx) | * | $2,000.00 |
| Marketing budget (Jan-March) | | $60,000.00 |
| | | $102,000.00 |

*will seek court guidance on the payment of these critical insider payments