UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

In re

THE LAW OFFICES OF EDWARD J. LAKE, LLC.,
d/b/a THE LAKE LAW FIRM,

                      Debtor.

-------------------------------------------------------------------x

Chapter 11

Case No. 8-25-74647-las

## <u>ORDER DISMISSING CHAPTER 11 CASE</u>

The Law Offices of Edward J. Lake, LLC, d/b/a The Lake Law Firm (the "Lake Law Firmr") having filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on December 3, 2025 (the "Chapter 11 Case") in response to the November 26, 2025 filing of two involuntary chapter 7 petitions pending under Bankruptcy Code section 303 with respect to: (i) The Law Offices of Edward J. Lake P.C., d/b/a The Lake Law Firm (bankruptcy case number 25-74584-las), and (ii) Lake Law Firm LLC, bankruptcy case number 25-74585-las) (the "Involuntary Cases"); and the Lake Law Firm having elected to proceed as a Subchapter V debtor in the Chapter 11 Case; and on December 4, 2025, the Court having issued an Order to Show Cause scheduling a hearing for December 9, 2025 to determine why the Chapter 11 Case should not be dismissed because of Lake Law Firm's failure to retain counsel authorized to be employed by a debtor under the Bankruptcy Code and to determine whether Lake Law Firm is eligible to proceed as a Subchapter V debtor (ECF Docket No. 6); and the Court having conducted a hearing on December 9, 2025 (the "Hearing"); and Edward Lake, Esq., having appeared; and Lake Law Firm having appeared *pro se*; and Togut, Segal & Segal, LLP, by Frank A. Oswald, Esq., and Garfunkel Wild, P.C., by Burton Weston. Esq., having appeared for Blackmore Investments LLC; and Agulnick Kremin P.C., by David L. Singer, Esq., having appeared for Titan Law Group, LLP and LRS Law Group LLP; and Brewer, Attorney &

Counselors, by Nafiz Cekirge, Esq., having appeared for Silvia Benito; and Salvatore LaMonica, Esq., having appeared as the State Court Receiver; and the United States Trustee having appeared by his counsel Christine H. Black, Esq.; and Gerard R. Luckman, Esq., having appeared as the Subchapter V Trustee (the "Sub V Trustee"); and after hearing those persons whose appearances are noted on the transcript (the "Transcript") of the Hearing, which Transcript is incorporated herein by reference; and after determining that notice was appropriate; and the Court having found (i) the filing of the Chapter 11 Case was the functional equivalent of consent to being in bankruptcy and the entry of an order for relief under the Bankruptcy Code in the Involuntary Cases, (ii) a debtor must be represented by an attorney in all chapter 11 cases filed by a corporation, limited liability company, partnership, trust, or any other entity, *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) ("[I]t is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed pro se."); *see also Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (holding that a limited liability company, like a partnership and a corporation, may appear in federal court only through a licensed attorney*); Eagle Assocs. v. Bank of Montreal*, 962 F.2d 1305, 1308 (2d Cir. 1991), and (iii) Lake Law Firm was not represented by an attorney authorized to be employed by a debtor under the Bankruptcy Code and to appear in federal court on its behalf; and after due deliberation and for the reasons set forth at the Hearing; it is hereby

**ORDERED**, that the Chapter 11's Case is dismissed; and it is further

**ORDERED**, that the Sub V Trustee is discharged.

Dated: December 11, 2025
Central Islip, New York

Louis A. Scarcella
United States Bankruptcy Judge